William C. Halsey (SBN 71090)
Wm. Lionel Halsey (SBN 227868)
Law Offices of William C. Halsey
2424 Vista Way, Suite 320
Oceanside, CA  92054
Tel.  (760) 721-3839
Fax  (760) 721-2533

Attorney for Plaintiff
ALAN GOURGUE

FILED

12 JUN 18  PM 3:33

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _xem_  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN GOURGUE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE DEPARTMENT OF THE NAVY, a federal agency of the Untied States of America, and DOES 1-100, inclusive<br><br>Defendant | Case No.  **'12 CV 1490 LAB JMA**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  Bivens Action<br>2.  Unruh Act<br>3.  False Arrest / False Imprisonment<br>4.  Battery<br>5.  Intentional Infliction of Emotional Distress<br>6.  Negligent Infliction of Emotional Distress<br>7.  Negligence<br>8.  Negligent Supervision and Training |

Comes Now, Plaintiff Alan Gourgue, by and through his attorneys of Record, The Law Offices of William C. Halsey, by William C. Halsey and Wm. Lionel Halsey and allege and complain as follows:

## I.
## GENERAL ALLEGATIONS

1. Jurisdiction and venue of this lawsuit are proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1346, et. seq., because at all times relevant hereto, the substantial part of the events acts or omissions giving rise to the liability of these defendants occurred in San Diego County, California.

2. Plaintiff Alan Gourgue submitted a timely claim under the Federal Tort Claims Act on September 7, 2011, which the Department of the Navy confirmed receipt on October 12, 2011. The Department of the Navy did not reject the claim in a timely fashion. It was not until April 18, 2012 that the Department of the Navy rejected the claim. A true and correct copy of the Department of the Navy's rejection is attached hereto as Exhibit 1. Plaintiff Alan Gourgue has therefore complied with the Federal Tort Claims Act requirements.

3. At all times herein, Plaintiff Alan Gourgue was individual. Alan Gourgue resided in Louisiana at the time the events giving rise to the lawsuit commenced, but was transported by the Department of the Navy to San Diego County, California and unlawfully detained for approximately one month. Plaintiff Alan Gourgue now resides in San Diego, California.

4. At all times herein Defendant Department of the Navy was a federal agency of the United States of America and was operating in San Diego County, California, through in part its agents Does 1-100.

5. Plaintiff Alan Gourgue is truly ignorant of the true names and capacities of Does 1 through 100, inclusive and will amend this complaint once their identities have been

ascertained as well as the facts giving rise to their liability. These defendants were agents, servants, and employees of each other and were acting at all times within the full course and scope of their agency ane employment and with the full knowledge and consent, either expressed or implied of their principal and / or employer and each of the other named defendants, including but not limited to the Department of the Navy, had proved or ratified actions of the other defendants thereby making the currently named defendants herein liable for the acts and / or omissions of their agents, servants and or employees.

## II.

## GENERAL FACTS GIVING RISE TO ALL CAUSES OF ACTION

6. Plaintiff Alan Gourgue received an honorable discharge from the United States Marine Corps on September 23, 2006. Plaintiff Alan Gourgue's reserve obligation terminated on September 10, 2010. Subsequent to the honorable discharge from the United States Marine Corps in September of 2007, Plaintiff Alan Gourgue moved Baton Rouge, Louisiana.

7. In June of 2010 Plaintiff Alan Gourgue started a new job as a houseman/front desk employee at the Hyatt Place of Baton Rouge.

8. Plaintiff Alan Gourgue and his wife found out that his wife was pregnant in September 0f 2010. Alan Gourgue also had two son's that lived with him at the time.

9. On January 22, 2011, Plaintiff left work early to pick up a friend in New Orleans. On the way back from picking up his friend, Plaintiff was pulled over by the New Orleans Police and issued a citation for his licence plate not being sufficiently illuminated and driving too slow. The New Orleans Police detained Plaintiff based on a Federal Warrant for being a deserter from the United States Marine Corps. Plaintiff was booked into the New Orleans Parish Prison based on the warrant.

10. The day after being initially detained, Plaintiff's wife tried to contact his employer to explain the situation but was not able to speak with Mr. Gourgue's supervisor. Plaintiff's wife eventually was able to speak with Plaintiff's supervisor and explain the situation.

11.     While in the New Orleans Parish Prison, Plaintiff's mother flew to Louisiana from Florida to help care for Plaintiff's 27 week pregnant wife and his two sons.

12.     The New Orleans Parish Prison did not notify the United States Marine Corps of Plaintiff's detention until January 24, 2011.

13.     While in the New Orleans Parish Prison, Plaintiff ate very little because he is a vegetarian. Plaintiff's wife tried to bring him adequate meals, but was not permitted to bring him food. Plaintiff's wife had to put over $100.00 in Plaintiff's prison phone account so that she could speak with him. Plaintiff's wife was unable to pick up Plaintiff's car so she and Plaintiff's mother were sharing one car for Plaintiff's wife to go to work and take Plaintiff's son to school.

14.     On the morning of January 26, 2011, Plaintiff was picked up by United States Marine Corps Chasers. He was placed in cuffs that were attached to a belt. When they picked up Plaintiff, the chasers explained that he was in the custody of the United States Marine Corps and was going to be taken to Marine Corps Base Camp Pendleton. The Chasers explained to Plaintiff that he must abide by the United States Marine Corps rules, addressing the Chasers by their rank for example. The Chasers advised Plaintiff that they would be traveling by commercial aircraft and that he would remain in restraints. The Chasers explained to Plaintiff that he was not to speak with anyone but them and that he was not to look anywhere but forward. Plaintiff was advised that he would be permitted one meal during transport.

15.     On January 26, 2011, Plaintiff was transported in cuffs in the custody of the USMC Chasers by commercial airline from New Orleans to Denver and then Denver to San Diego. Plaintiff was then transported and detained at the Brig at Marine Corps Base Camp Pendleton.

16.     As soon as Plaintiff was provided an opportunity he contacted his employer and explained his situation. On January 28, 2011, Plaintiff's wife went to pick up Plaintiff's pay check and was advised that Plaintiff no longer had a job because of job desertion. While Plaintiff was in the Brig, his wife had to get by on one paycheck.

17.   While in the Brig at Marine Corps Base Camp Pendleton, Plaintiff was advised that he was being detained for allegedly deserting a reserve unit in December of 2008. Plaintiff was advised he possibly could be charged with a crime and face a Court Martial.

18.   On February 23, 2011, Plaintiff missed his traffic court appearance for the initial traffic stop in New Orleans and a warrant was issued and his license suspended.

19.   On February 23, 2011, Plaintiff was called into the legal office on Camp Pendleton from the Brig and advised that he was being released and that they had no evidence against him. Plaintiff was advised that his detention was based on an administrative error. It is believed that either there was no warrant issued for Plaintiff Alan Gourgue's arrest or incorrect information was provided by Defendants in support of acquisition of the warrant. The true nature of the "error" is still unknown to Plaintiff Alan Gourgue.

20.   On February 24, 2011, Plaintiff had a meeting with a Lt. Col of the admin / separations division who apologized for everything that had happened because of the administrative error.

21.   On February 26, 2011, Plaintiff flew home to Louisiana.

22.   On March 2, 2011, Plaintiff's mother flew home to Florida because Plaintiff was now home and able to help his pregnant wife and care for the two sons.

23.   On March 24, 2011, Plaintiff's wife paid his $339.95 fine for missing the traffic court date while being detained.

24.   On April 1, 2011, Plaintiff applied for unemployment, which was denied because he was terminated for cause. Plaintiff appealed the decision.

25.   On April 4, 2011, Plaintiff's wife gave birth to their third son.

26.   On May 16, 2011, Plaintiff's wife had to return to work just 6 weeks after her C-section because Plaintiff did not have a job.

27.   On July 28, 2011, an Administrative Judge ruled in Plaintiffs favor on his unemployment appeal.

### III.

# FIRST CAUSE OF ACTION

## False Arrest / Imprisonment - Bivens Action

### [Against All Defendants and Does 1-100]

Plaintiff Alan Gourgue hereby realleges paragraphs 1 through 27 of this Complaint and incorporates herein by reference.

28. Defendants deprived Plaintiff Alan Gourgue of his rights under the United States Constitution to be free from unlawful and unreasonable searches and seizures and violations of due process in violation of 42 U.S.C. 1983 (<u>Bivens</u> as applied to the individual Defendants who were agents of the Department of the Navy) by issuing false and incorrect information in support of a warrant, by arresting Plaintiff Alan Gourgue under color of law without probable cause and under circumstances which would leave a reasonable person under the same circumstances to believe that no probable cause existed to arrest Plaintiff Alan Gourgue, thereby causing an unlawful seizure of Plaintiff's person without probable cause and infliction of punishment without due process of law and cruel and unusual punishment.

29. Defendants deprived Plaintiff Alan Gourgue of his rights under the United States Constitution to be free from unlawful and unreasonable search and seizures and due process of law and to be free from cruel and unusual punishment in 42 U.S.C. 1983 (<u>Bivens</u> as applied to the individual Defendants who were agents of the Department of the Navy) by implementing or executing a policy statement, ordinance, regulation, decision, custom or usage that permitted employees of the United States of America and their agents to arrest Plaintiff Alan Gourgue without probable cause with the intent to deprive Plaintiff of the rights alleged herein. Plaintiff Alan Gourgue's right to be free from any violence or intimidation through threat of violence, committed against him because of his race, color, ancestry, or national origin, was violated by all defendants because Plaintiff Alan Gourgue was battered, falsely accused, falsely arrested, wrongfully incarcerated, falsely imprisoned, wrongfully prosecuted, and publically shamed and humiliated. Plaintiff Alan Gourgue's rights under the United States Constitution and California Constitution were further violated, in particular, the

right to be free from being compelled to speak to a law enforcement official, the right of privacy, the right to be free from unlawful searches and seizures, the right to be free from the imposition of punishment without due process of law, the right to be free from cruel and unusual punishment and the right to due process of law.

30. The conduct alleged herein which caused Plaintiff Alan Gourgue to be deprived of his civil rights that are protected under the United States Constitution in violation of 42 U.S.C. 1983 (<u>Bivens</u> as applied to the individual Defendants who were agents of the Department of the Navy) foreseeably, actually, and proximately caused Plaintiff Alan Gourgue to suffer emotional distress, humiliation, fear, pain, suffering, damage to reputation, economic damages, and further damages according to proof at time of trial.

31. The conduct of Defendants alleged herein also amounts to oppression, fraud, and / or malice within the meaning of Cal. C.C.P. § 3294, justifying an award of exemplary damages punishing all Defendants in an amount according to proof at the time of trial. Additionally, Plaintiff Alan Gourgue is entitled to attorney fees and costs.

### IV.
### SECOND CAUSE OF ACTION
### California Civil Rights Violation – Unruh Act
### [Against All Defendants and Does 1-100]

Plaintiff Alan Gourgue hereby realleges paragraphs 1 through 31 of this Complaint and incorporates herein by reference.

32. California Civil Code § 51 et. seq guarantees that all persons within the State of California have the right to be free from any violence or intimidation by threat of violence committed against them because of their race, color, ancestry and / or national origin.

33. Plaintiff Alan Gourgue's right to be free from any violence or intimidation by threat of violence committed against him because of his race, color, ancestry and / or national origin was violated by all defendant because Plaintiff Alan Gourgue was battered, falsely accused, falsely arrested, wrongfully incarcerated, falsely imprisoned, wrongfully

prosecuted, and publically shamed and humiliated. Plaintiff Alan Gourgue's rights under the United States Constitution and California Constitution were further violated, in particular, the right to be free from being compelled to speak to a law enforcement official, the right of privacy, the right to be free from unlawful searches and seizures, the right to be free from the imposition of punishment without due process of law, the right to be free from cruel and unusual punishment and the right to due process of law.

34. Defendants' violations of the Unruh Act foreseeably, actually, and proximately caused Plaintiff Alan Gourgue to suffer emotional distress, humiliation, fear, pain, suffering, damage to reputation, economic damages, and further damages according to proof at time of trial.

35. Defendants' violations of the Unruh Act also entitles Plaintiff Alan Gourgue to statutory penalties, exemplary damages, attorneys' fees and costs of suit incurred.

## V.

## THIRD CAUSE OF ACTION

### False Arrest / Imprisonment

### [Against All Defendants and Does 1-100]

Plaintiff Alan Gourgue hereby realleges paragraphs 1 through 35 of this Complaint and incorporates herein by reference.

36. Defendants intentionally and unlawfully exercised force, the express threat of force, and the implied threat of force to restrain, detain and confined Plaintiff Alan Gourgue.

37. Defendants restraint, detention, and confinement of Plaintiff Alan Gourgue compelled Plaintiff to stay and go somewhere for appreciable time.

38. Plaintiff Alan Gourgue was unlawfully arrested and taken into custody.

39. Defendants authorized, encouraged, directed and assisted persons in either doing an unlawful act or procuring without proper process, Plaintiff Alan Gourgue's arrest and imprisonment.

40. The false arrest / imprisonment conduct of Defendants alleged herein foreseeably, actually, and proximately caused Plaintiff Alan Gourgue to suffer emotional

distress, humiliation, fear, pain, suffering, damage to reputation, economic damages, and further damages according to proof at time of trial.

41. The false arrest / imprisonment conduct of Defendants alleged herein also amounts to oppression, fraud, and / or malice within the meaning of Cal. C.C.P. § 3294, justifying an award of exemplary damages punishing all Defendants in an amount according to proof at the time of trial.

## VI.

## FOURTH CAUSE OF ACTION

### Battery

### [Against All Defendants and Does 1-100]

Plaintiff Alan Gourgue hereby realleges paragraphs 1 through 41 of this Complaint and incorporates herein by reference.

42. Defendants acted with the intent to cause harmful or offensive contact with the person of Plaintiff Alan Gourgue and the intended harmful or offensive contact did in fact occur. The harmful or offensive contact was not privileged or consented to.

43. Defendants' harmful or offensive touching of Plaintiff Alan Gougue foreseeably, actually, and proximately caused Plaintiff Alan Gourgue to suffer emotional distress, humiliation, fear, pain, suffering, damage to reputation, economic damages, and further damages according to proof at time of trial.

44. The conduct of Defendants alleged herein also amounts to oppression, fraud, and / or malice within the meaning of Cal. C.C.P. § 3294, justifying an award of exemplary damages punishing all Defendants in an amount according to proof at the time of trial. Additionally, Plaintiff Alan Gourgue is entitled to costs of this suit herein.

## VII.

## FIFTHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### [Against All Defendants and Does 1-100]

Plaintiff Alan Gourgue hereby realleges paragraphs 1 through 44 of this Complaint

and incorporates herein by reference.

45. Defendants' conduct as alleged herein is outrageous conduct that was intended to cause Plaintiff Alan Gourgue to suffer emotional distress or the Defendants' conduct was engaged in with a reckless disregard of the probability of causing Plaintiff Alan Gourgue to suffer emotional distress.

46. Defendants' reckless or intentional acts foreseeably, actually, and proximately caused Plaintiff Alan Gourgue to suffer emotional distress, humiliation, fear, pain, suffering, damage to reputation, economic damages, and further damages according to proof at time of trial.

47. The conduct of Defendants alleged herein also amounts to oppression, fraud, and / or malice within the meaning of Cal. C.C.P. § 3294, justifying an award of exemplary damages punishing all Defendants in an amount according to proof at the time of trial. Additionally, Plaintiff Alan Gourgue is entitled to costs of this suit herein.

## VIII.

## SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### [Against All Defendants and Does 1-100]

Plaintiff Alan Gourgue hereby realleges paragraphs 1 through 47 of this Complaint and incorporates herein by reference.

48. Defendants' conduct as alleged herein is negligent conduct that proximately and legally Plaintiff Alan Gourgue to suffer emotional distress and Defendants' negligence was a substantial factor in causing Plaintiff Alan Gourgue's emotional distress.

49. Defendants' negligent acts foreseeably, actually, and proximately caused Plaintiff Alan Gourgue to suffer emotional distress, humiliation, fear, pain, suffering, damage to reputation, economic damages, and further damages according to proof at time of trial.

## IX.

## SEVENTH CAUSE OF ACTION

LAW OFFICES OF WILLIAM C. HALSEY
2424 VISTA WAY, SUITE 320
OCEANSIDE, CALIFORNIA 92054
(760) 721-3839

**Negligence**

**[Against All Defendants and Does 1-100]**

Plaintiff Alan Gourgue hereby realleges paragraphs 1 through 49 of this Complaint and incorporates herein by reference.

50. Defendants had a duty to act with ordinary care to prevent reasonably foreseeable harm to Plaintiff Alan Gourgue.

51. Defendants' conduct alleged herein fell below ordinary care and was negligent.

52. Defendants' negligence was a substantial factor in causing Plaintiff Alan Gourgues' injury and wrongful imprisonment.

53. Defendants' negligent acts foreseeably, actually, and proximately caused Plaintiff Alan Gourgue to suffer emotional distress, humiliation, fear, pain, suffering, damage to reputation, economic damages, and further damages according to proof at time of trial.

## X.

### EIGHTH CAUSE OF ACTION

**Negligent Supervision and Training**

**[Against The Department of the Navy]**

Plaintiff Alan Gourgue hereby realleges paragraphs 1 through 53 of this Complaint and incorporates herein by reference.

54. The Department of the Navy, by employing persons in the capacity of peace officers and employees have a duty to ensure proper training so that the officers and employees, in performing their duties, do not violate the federally protected constitutional rights of citizens.

55. The Department of the Navy is specifically deficient in training officers and employees with regard to their responsibilities under the Fourth Amendment to have probable cause before executing an arrest warrant, to truthfully and accurately disclose all material facts in seeking an arrest warrant and to avoid false or misleading statements when

LAW OFFICES OF WILLIAM C. HALSEY
2424 VISTA WAY, SUITE 320
OCEANSIDE, CALIFORNIA 92054
(760) 721-3839

applying of arrest warrants, and to act with due care to insure that no one who is innocent of wrongdoing is falsely arrested.

56. These training deficiencies resulted from the Department of the Navy's deliberate indifference to the rights guaranteed by the Fourth Amendment.

57. The Department of the Navy's deliberate indifference to training and lack thereof was the proximate and legal cause of the violation of Plaintiff Alan Gourgue's Fourth Amendment Rights.

58. The Department of the Navy's deliberate indifference to training and lack thereof foreseeably, actually, and proximately caused Plaintiff Alan Gourgue to suffer emotional distress, humiliation, fear, pain, suffering, damage to reputation, economic damages, and further damages according to proof at time of trial. Additionally, Plaintiff Alan Gourgue is entitled to attorney fees, costs, and exemplary damages according to proof.

## XI.

## PRAYER FOR RELIEF

Plaintiff Alan Gourgue prays for relief as follows:

59. For all causes of action, the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of action, Plaintiff Alan Gourgue requests as follows: (1.) General damages, including but not limited to emotional distress, according to proof at trial; (2) Special damages according to proof at trial; (3) Costs of suit herein; (4) and Any other relief the Court deems just.

60. Plaintiff Alan Gourgue is requesting attorneys' fees in relation to the First and Second causes of action.

61. Plaintiff Alan Gourgue is requesting exemplary damages for the First, Second, Third, Fourth, Fifth and Eighth causes of action.

## XII.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

Respectfully Submitted:

Dated: 6/1/12

William C. Halsey
Attorney for Plaintiff, Alan Gourgue

LAW OFFICES OF WILLIAM C. HALSEY
2424 VISTA WAY, SUITE 320
OCEANSIDE, CALIFORNIA 92054
(760) 721-3839

COMPLAINT FOR DAMAGES
Page 13