# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN GOURGUE, an individual,<br><br>                     Plaintiff,<br><br>  vs.<br><br><br>UNITED STATES OF AMERICA, as a sovereign governmental entity, and DOES 1-100, inclusive,<br><br>                     Defendant. | CASE NO. 12CV-1490-LAB<br><br>ORDER (1) GRANTING MOTION TO DISMISS EIGHTH CAUSE OF ACTION, AND (2) GRANTING MOTION TO DISMISS REQUESTS FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES FOR THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION |

      Plaintiff Alan Gourgue alleges that he was wrongfully arrested and detained for deserting a Marine Corp reserve unit. Now pending before the Court is the Government's motion to dismiss Gourgue's claim against the United States for negligent supervision and training, along with its motion to strike his request for punitive damages and attorney's fees for claims brought under the Federal Tort Claims Act.

I.    Background

      Gourgue alleges that he was honorably discharged from the U.S. Marine Corps on September, 23, 2006 but had reserve obligations through September 10, 2010. He was arrested on January 22, 2011 in New Orleans for deserting the Corps, and four days later he was transported to Camp Pendleton in California. There, he was advised he was

being detained for deserting a reserve unit in December 2008. However, Gourgue was released on February 23, 2011, and he was told his detention was the result of an administrative error.

Gourgue asserts eight causes of action related to the alleged wrongful detention: (1) a *Bivens* claim for false arrest, imprisonment, and slavery against Does 1-100; (2) violation of the California Unruh Act against all defendants; (3) false imprisonment against all defendants; (4) battery against all defendants; (5) intentional infliction of emotional distress against all defendants; (6) negligent infliction of emotional distress against all defendants; (7) negligence against all defendants and (8) negligent supervision and training against the Government. He seeks general, special, and punitive damages, and attorney's fees.

The Government's motion to dismiss Gourgue's eighth cause of action for negligent supervision and training, and its motion to strike Gourgue's request for attorney's fees and punitive damages for his FTCA claims, are based on the argument that neither is permissible under the FTCA.

II.   The negligent supervision and training claim

Generally, courts do not have jurisdiction over claims against the government by virtue of its sovereign immunity. *U. S. v. Testan*, 424 U.S. 392, 399 (1976). Under the FTCA, the government waives its sovereign immunity to the extent a private person would be liable in tort under local law. *U.S. v. Olson*, 546 U.S. 43 (2005). However, the FTCA includes exceptions to this waiver of sovereign immunity. *Terbush v. U.S.*, 516 F.3d 1125, 1129 (9th Cir. 2008). When an exception to the FTCA applies, the court lacks jurisdiction, and the claim must be dismissed. *See Nurse v. U.S.*, 226 F.3d 996, 1000 (9th Cir. 2000). The discretionary function exception is one of these exceptions, and it prevents the government's waiver of sovereign immunity from extending to discretionary acts that are grounded in considerations of "social, economic, and political policy." *Varig Airlines*, 467 U.S. 797, 814 (1984); 28 U.S.C. 1680(a). To survive a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must make out a claim that is "facially

outside the discretionary function exception." *Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009).

To determine whether the discretionary function exception applies, courts apply the two-part test articulated in *Berkovitz by Berkovitz v. U.S.*, 486 U.S. 531 (1988). *U.S. v. Gaubert*, 499 U.S. 315, 1249–50 (1991). First, the decision must be discretionary, that is, a decision that involves "an element of judgment or choice." *Myers v. U.S.*, 652 F.3d 1021, 1028 (9th Cir. 2011). A decision will involve judgment or choice when it is not guided by specific requirements in a statute, regulation, or policy. *See Kelly v. U.S.*, 241 F.3d 755, 761 (9th Cir. 2001). For example, in *Kelly v. U.S.*, the Forest Service's decision to not require its pilots to have Crew Resource Management (CRM) training was discretionary because while the Forest Service's Accident Plan required human factor training, it did not require CRM training specifically. *Id.* at 760–1. Second, the decision must be of the kind the exception was intended to protect – one that is based on considerations of "'social, economic or political policy.'" *U.S. v. Varig Airlines*, 467 U.S. 797, 814 (1984); *see Myers v. U.S.*, 652 F.3d 1021, 1028 (9th Cir. 2011). For example, in *Gager v. U.S.*, the Postal Service's decision to not provide universal training and supervision in mail bomb detection was the kind of discretionary decision the exception was designed to protect because the Postal Service's decision necessarily implicated the balancing of safety, efficiency, and economic considerations. 149 F.3d 918, 921–2 (9th Cir. 1998). Additionally, the focus of the analysis is whether the decisions is "susceptible" to a policy analysis, not whether the individual decision maker actually considered such policies. *Terbush v. U.S.*, 516 F.3d 1125, 1131 (9th Cir. 2008).

In this case, Gourgue has not made out a claim that is facially outside the discretionary function exception. First, he has failed to identify any specific requirement in a statute, regulation, or policy that prevents the Government from exercising discretion in training and supervising its employees. Gourgue's argument that the Government's training and supervision of employees is non-discretionary because it violates the Constitution is unconvincing. The Constitution does not set forth specific requirements

the Government must take in training or supervising its employees. This argument is even weaker than that made by the plaintiffs in *Kelly* because the plaintiffs in that case at least relied on relevant guidelines that were simply too broad to eliminate the defendants' exercise of judgment, while Gourgue has failed to present any relevant guidelines governing the Government's supervision and training of employees.

Second, the Government's decision of how to train and supervise its employees is the kind of decision that the discretionary function was designed to protect because it is susceptible to a policy analysis. The Government would consider the need to have well-trained officers pursing deserters, and the public's interest in ensuring individual officers' constitutional rights are protected. It would balance the effectiveness of potential methods of training and supervising against the economic use of resources.

Therefore, this court lacks subject matter jurisdiction over Gourgue's claim for negligent supervision and training against the Government because it falls within the discretionary function exception of the FTCA.

### III. Attorney's fees and punitive damages

The Government argues that punitive damages and attorney's fees are not authorized by the FTCA. Gourgue argues in response that the Government's motion to strike under 12(f) fails because it is the incorrect vehicle in which to challenge remedies that are unavailable as a matter of law, and that the Government should have moved to dismiss these forms of relief under 12(b).

The Government is correct that the FTCA does not allow the award of punitive damages and attorneys' fees. The FTCA specifically prohibits the award of punitive damages. 28 U.S.C. 2674 ("The United States . . . shall not be liable . . . for punitive damages.) Additionally, the Ninth Circuit has held that the U.S. government has not waived its sovereign immunity in respect to attorney's fees. *Anderson v. U.S.*, 127 F.3d 1190 (9th Cir. 1997) ("The FTCA does not contain an express waiver of sovereign immunity for attorneys' fees and expenses."). Because Gourgue does not argue that

such relief is authorized under the FTCA, the only contention is that the Government's motion is ineffective as a matter of civil procedure.

The Court acknowledges that *Whittlestone* prohibits the use of Rule 12(f) to strike damages that are unavailable as a matter of law. *See Whittlestone Inc. v. Handi-craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). However, the law remains unclear in California, in light of the fact that requests for punitive damages are "merely a remedy," and not an independent cause of action. See *Garcia v. M-F Athletic Co.*, No. CV 11-2430 WBS GGH, 2012 WL 531008, *4 n.4 (E.D. Cal. 2012). Even after the *Whittlestone* holding, district courts in California have approved the use of 12(f) to strike damages that are unavailable as a matter of law. *See I.R. ex rel. Nava v. City of Fresno*, No. 1:12–CV–00558 AWI GSA, 2012 WL 3879974 (E.D. Cal. 2012); *Susilo v. Wells Fargo Bank*, N.A., No. CV 11–1814 CAS, 796 F.Supp.2d 1177, 1196 (C.D. Cal. 2011).

Notwithstanding this ambiguity, the Government contends it also filed the motion under Rule 12(b)(6). Even if the government failed to do so, when a motion is in substance a rule 12(b)(6) motion to dismiss, but incorrectly labeled as a rule 12(f) motion to strike, the court may convert it into a rule 12(b)(6) motion. *See Canfield v. Atlas Storage South Bay*, No. 12–CV–1574–IEG (WVG), 2012 WL 4062479 *2 (S.D. Cal. 2012). Therefore, the Government properly moved to dismiss Gourgue's request for punitive damages and attorney's fees for his FTCA claims.

IV.   Conclusion

For the reasons set forth above, the Government's motion to dismiss Gourgue's eighth cause of action for negligent supervision and training is **GRANTED**. The Government's motion to dismiss Gourgue's request for punitive damages and attorneys' fees with

//
//
//
//
//

respect to Gourgue's Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of action against the Government is also **GRANTED**.

**IT IS SO ORDERED**.

DATED: April 29, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge